SCHUMAN *v.* WINN, ADM.

4-8977                                                  224 S. W. 2d 538

Opinion delivered November 28, 1949.

*U. A. Gentry* and *Wm. J. Kirby,* for appellant.

*June P. Wooten,* for appellee.

GEORGE ROSE SMITH, J.  This case involves the validity of a sale by which Street Improvement District No. 508 of the city of Little Rock sought to acquire title to 17.60 acres of land. Appellant bought the property from the District after the owners' time for redemption had expired. The appellees are the successors in title to those who owned the land when it was sold to the District. The chancellor held the sale void and canceled the appellant's deed from the District.

The appellees assert a number of defects in the District's foreclosure proceedings, but a single issue is all that need be discussed. When the District was formed

the land in controversy was described as ''Pt. SE SW Sec. 33, T. 2N R 12W.'' It is conceded by appellant that this part description was void and invalidated the proceedings unless it was cured in the manner to be mentioned. Assessments were levied for the years 1930 to 1934, inclusive, all under the same void description. None were paid. Various suits were brought by the District to collect delinquent assessments, but only the fourth suit is thought by appellant to have been free from the original defect.

The fourth suit was filed on July 26, 1937, to enforce the 1934 assessment. Four days before that suit was brought the District had attempted to correct the description by proceeding under Ark. Stats. (1947), § 20-409. That statute provides that where land has been incorrectly described or wholly omitted from the original assessment list, the assessors may file a certificate of correction with the city clerk. It is then the clerk's duty to publish notice that the corrections have been made and that the property owners may appeal to the city council within ten days. Here the District undertook to follow this statute. We do not decide whether there was a sufficient compliance with the statutory procedural requirements.

The key question is this: When a description is corrected in the manner authorized by the above statute, does the correction operate retroactively to validate tax levies that were void when made, or is the proceeding purely prospective, creating a valid basis only for assessments to be levied in the future? From a mere reading of the statute we should be reluctant to hold that the effect of a correction is retroactive. This case illustrates the injustice of that interpretation of the Act. The description was so indefinite that the landowners could not have learned from the assessment list that their property was being taxed. Yet if the correction had retrospective effect, the taxpayers would be compelled to pay all delinquent assessments, together with penalties, costs and attorney's fees, even though they were not at fault in failing to pay the assessments when due. The case would be even stronger as to lands wholly omitted in the first

instance, yet the statute seems to apply alike to both situations as far as retroactivity is concerned.

Whatever doubts we might otherwise have as to the meaning of this Act are completely dispelled when we examine its statutory history. This corrective procedure was originally authorized by Act 406 of 1907. That Act provides that when the certificate containing the corrected description is filed with the city clerk, "such description shall relate back to the filing of the assessment in the first instance, and shall have the same force and effect as if correctly assessed and described and filed at that time." When in 1929 the legislature amended the statute to read as it does now, the sentence purporting to make the correction retrospective was not re-enacted. It is perfectly clear that the General Assembly intended for the 1929 amendment to eliminate the harsh consequences of retroactive procedure. It follows that the District's action in correcting the description of appellees' lands in 1937 did not cure the fatal defect in the 1934 assessment.

Affirmed.